IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| IKEISHA PERRY, #282078, | ) ) ) | |
| Petitioner, | ) ) | No. 4:11-CV-434-DCN-TER |
| vs. | ) ) ) | **ORDER** |
| CATHERINE KENDALL, WARDEN, LEATH CORRECTIONAL, | ) ) ) | |
| Respondent. | ) ) ) | |

The above referenced case is before this court upon the magistrate judge's recommendation that the petition made under 28 U.S.C. § 2254 be dismissed as barred by the statute of limitations, and, in the alternative, respondent's motion for summary judgment be granted and the petition dismissed.

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which specific, written objections are made, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91, 93-94 (4th Cir. 1984). Objections to the

1

magistrate judge's report and recommendation were timely filed on October 3, 2011, when petitioner delivered her objections to prison authorities for mailing to the district court clerk.  See Lewis v. Richmond City Police Dep't, 947 F.2d 733, 734 (4th Cir. 1991).

The court adds the following discussion based on recent Supreme Court decisions that shed light on the proper adjudication of federal habeas petitions filed pursuant to 28 U.S.C. § 2254.  These cases mandate a doubly deferential standard of review when analyzing a state court's resolution on the merits of a constitutional ineffective assistance of counsel claim made under Strickland v. Washington.

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, federal courts may only grant habeas corpus relief under 28 U.S.C. § 2254 if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2).  Courts afford deference under AEDPA to state courts' resolutions of the habeas claims of state prisoners.  See Bell v. Cone, 543 U.S. 447, 455 (2005).  To obtain habeas relief from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011).  "[E]ven a strong case for relief does not mean the state

court's contrary conclusion was unreasonable." Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id.

The Sixth Amendment provides the right to effective assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court announced a two-part test for adjudicating ineffective assistance of counsel claims. First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. Id. at 687. Next, the petitioner must show that this deficiency prejudiced the defense. Id. at 694. The Supreme Court has recently elaborated on the interplay between Strickland and § 2254, noting that the standards are "both highly deferential," and "when the two apply in tandem, review is doubly so."[1] Harrington, 131 S. Ct at 788 (internal quotation marks omitted); Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011); Johnson v. Secretary, DOC, 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

Therefore, when an ineffective assistance of counsel claim is raised in a § 2254 habeas petition and was denied on the merits by a state court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable," not "whether defense counsel's performance fell below Strickland's standard." Harrington, 131 S. Ct. at 785. "For purposes of § 2254(d)(1), 'an

---

[1] Notably, the Supreme Court also held for the first time this year that federal habeas review under 28 U.S.C. § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). "[R]eview under § 2254(d)(1) focuses on what a state court knew and did." Id. at 1399.

unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citing Williams, 529 U.S. at 410).  "A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself."  Id.

A de novo review of the record in this case indicates that the magistrate judge's report accurately summarizes the case and applicable law.  Accordingly, the magistrate judge's report and recommendation is **ADOPTED**, and the petition is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(b)(2).

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**October 14, 2011
Charleston, South Carolina**

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.